791 F.2d 932
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CHARLES CROUSE, Plaintiff-Appellant
v.
HARRY J. ROTHGERBER, JR.,
 84-5537
 United States Court of Appeals, Sixth Circuit.
 4/16/86
 
 AFFIRMED
 W.D.Ky.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY
 Before: MERRITT and WELLFORD, Circuit Judges; and WILHOIT, District Judge.*
 MERRITT, Circuit Judge.
 
 
 1
 Plaintiff-appellant Charles Crouse, a prisoner in a Kentucky state prison, appeals District Judge Johnstone's dismissal of his action brought under 42 U.S.C. Sec. 1983 (1982) challenging the Kentucky Parole Board's actions concerning Crouse's parole hearing. We affirm.
 
 
 2
 After serving six years of an eighty-year sentence in a Kentucky prison for various sex crimes, Crouse was given a parole hearing by the Kentucky Parole Board. On November 17, 1982, the board denied Crouse parole and deferred his next parole hearing for eight years. The board's stated reasons for its decision were: '[B]oard sees him as a poor parole risk due to: serious nature of crimes, multiple convictions, history of sexual convictions.' Crouse's 'rap sheet' shows that although he has been charged with other sexual crimes, he has no 'history of sexual convictions.' Crouse wrote to the chairman of the parole board, defendant-appellee Harry Rothgerber, advising that Crouse had no history of sexual convictions and asserting that the board's decision had been based on erroneous information. Crouse requested a rehearing, but the chairman denied Crouse's request, responding:
 
 
 3
 The letter you sent regarding reconsideration of the previous decision has been received and brought to the attention of the Parole Board members.
 
 
 4
 After carefully considering all of the facts of your case, no basis could be found on which to grant your request.
 
 
 5
 On March 15, 1984, Crouse, acting pro se, filed suit against the board's chairman in the United States District Court for the Western District of Kentucky. Crouse's suit, based on 42 U.S.C. Sec. 1983, alleged that the parole board had violated his constitutional right to due process by basing its decision in the parole hearing on erroneous information. Crouse sought an injunctive order directing the chairman to grant Crouse a new parole hearing and enjoining the board from using erroneous information or 'vague reasons' in making parole decisions. He also sought permission to proceed In Forma Pauperis.
 
 
 6
 Crouse asserts that the board relied on erroneous information in the parole hearing or stated false reasons for denying him parole. He argues that these actions constituted an infringement of his right to procedural due process under the fourteenth amendment.
 
 
 7
 After Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex, 492 U.S. 1 (1979), it is unclear that Crouse has a liberty or other interest that requires any procedural safeguards in the conduct of parole hearings. Assuming, without deciding, that Crouse had some elementary procedural rights to a fair hearing once a hearing was granted, it appears that Crouse received adequate reconsideration of the Board's error to satisfy due process. After being intially denied parole, Crouse brought to the board's attention the discrepancy between his rap sheet and the board's stated reasons for denying parole. Chairman Rothgerber's response, which was attached to Crouse's complaint in this action, reveals that the correct state of Crouse's conviction history was 'brought to the attention of the Parole Board members' and 'carefully consider[ed].' It appears that, although Crouse was not given a new formal hearing, the board did reconsider his case for parole and, based on accurate information, again denied him parole.[1]
 
 
 8
 In short, it appears that Kentucky authorities adequately remedied any assumed deprivation of procedural due process.
 
 
 9
 In Parratt v. Taylor, 451 U.S. 527 (1981), the Supreme Court refused to find a deprivation of a property interest without procedural due process because state law afforded a remedy for the deprivation that satisfied the requirements of due process. See also Hudson v. Palmer, 104 S.Ct. 3194 (1984).[2] In Crouse's case it appears that not only did the state of Kentucky afford Crouse an adequate remedy--reconsideration of the decision to deny parole--but Crouse took advantage of that remedy and obtained reconsideration, based on correct information, of the parole denial decision. Assuming that Crouse was initially denied due process, this procedure afforded by Kentucky state authorities satisfied the demands of due process.
 
 
 10
 At oral argument, counsel argued that Crouse had a due process right to advance notice of the evidence to be considered at the parole hearing. We find no merit in this contention. In Mayes v. Trammell, 751 F.2d 175 (6th Cir. 1984), a panel of this Court held that a prisoner under consideration for parole has no constitutional right to see his parole file (which contained evidence to be considered by the parole board). 751 F.2d at 179. Additionally, we note that not even a criminal defendant must be afforded advance notice of the evidence to be used against him at trial. In short, assuming that due process attached to Crouse's parole hearing, Crouse had no right to advance notice of the evidence to be considered.
 
 
 11
 Accordingly, we affirm the District Court's order.
 
 
 
 *
 The Honorable Henry R. Wilhoit, Judge of the United States District Court for the Eastern District of Kentucky, sitting by designation
 
 
 [1]
 We note that in Crouse's initial hearing the board stated, in addition to the erroneous statement that Crouse had a history of sex crime convictions, two accurate reasons for denying parole: 'serious nature of crimes' and 'multiple convictions.' These two accurate reasons standing alone arguably justify a denial of parole under the Kentucky parole system, and Crouse does not argue that they could not form the basis for the board's refusal to grant parole upon reconsidering his case
 
 
 [2]
 In Wilson v. Beebe, 770 F.2d 578 (6th Cir. 1985) (en banc), the Sixth Circuit held that Parratt's requirement of showing the inadequacy of state remedies to satisfy due process in Sec. 1983 actions or the deprivation of a property interest also applied to cases based on deprivation of a liberty interest. In two recent Sec. 1983 cases, Daniels v. Williams, 106 S.Ct. 662 (1986), and Davidson v. Cannon, 106 S.Ct. 668 (1986), the Supreme Court appears to have adopted sub silentio, Wilson v. Beebe's holding in this respect